Filed 4/17/26  P. v. Montenegro CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERARDO PRATO MONTENEGRO,<br><br>    Defendant and Appellant. | H053590<br>(Santa Clara County<br>Super. Ct. No. F2300411) |

Pursuant to a plea agreement, defendant Gerardo Prato Montenegro pleaded no contest to two counts of oral copulation of a minor 14 years of age or older by force, violence, duress, menace, or fear.  The trial court sentenced Montenegro to the stipulated term of 16 years in prison.

On appeal, Montenegro's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issues.  This court notified Montenegro of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from Montenegro.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and have determined that there are no arguable issues on appeal that would result in a disposition more favorable to Montenegro.  Accordingly, we will affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to a probation officer's presentence report, law enforcement responded to a report from a 14-year-old girl that Montenegro had sexually abused her. Montenegro was in a relationship with a relative of the girl and lived in the same residence as the girl. The girl reported that Montenegro engaged in sexual conduct including oral copulation with her on various occasions.

The prosecution charged Montenegro by complaint with seven counts: three counts of oral copulation by force, violence, duress, menace, or fear of a minor 14 years of age or older (Pen. Code, § 287, subd. (c)(2)(C); counts 1-3);[1] three counts of lewd or lascivious acts upon a child 14 or 15 years old (§ 288, subd. (c)(1); counts 4-6); and sexual penetration of a minor 14 years of age or older by force, violence, duress, menace, or fear (§ 289, subd. (a)(1)(C)). Montenegro pleaded no contest pursuant to a plea agreement to counts 1 and 2.

The trial court imposed the stipulated sentence, 16 years in prison. The court imposed various fines, fees, and assessments, and stayed enforcement of all such fines, fees, and assessments based on Montenegro's inability to pay them. Montenegro timely appealed; however, he did not seek or obtain a certificate of probable cause from the trial court.

## II. DISCUSSION

Montenegro did not seek or obtain a certificate of probable cause from the trial court. Section 1237.5 states that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" except where the defendant has filed a statement with the trial court "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk

---

[1] Unspecified statutory references are to the Penal Code.

of the court." "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; see also Cal. Rules of Court, rule 8.304(b)(2) [no certificate of probable cause required for appeal on grounds "that do not affect the validity of the plea or admission"].)

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record. Without a certificate of probable cause, our review is limited to any issues arising after entry of Montenegro's pleas that do not affect their validity. (§ 1237.5.) We have reviewed the record for arguable issues that are cognizable despite the lack of a certificate of probable cause. We have found none.

### III. DISPOSITION

The judgment is affirmed.

_____
                          Greenwood, P. J.

WE CONCUR:


_____
 Danner, J.


_____
 Bromberg, J.


H053590 People v. Montenegro